## Catharine Bittenbender *v.* Catharine Biesecker, Erwin Biesecker and William Koch, Appellants.

*Judgment—Application to open—Duty of applicant.*

In an application to open a judgment, it is the duty of the applicant to satisfy the conscience of the judge to whom the application is made and who sits as a chancellor, that on the whole case, not on his ex parte presentation, the judgment should be opened.

Argued Jan. 14, 1898. Appeal, No. 31, Jan. T., 1898, by defendants, from order of C. P. Lackawanna Co., Jan. T., 1891, No. 466, discharging rule to open judgment. Before RICE, P. J., WICKHAM, BEAVER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Application to open confessed judgment for $325. Before EDWARDS, J.

The facts sufficiently appear in the opinion of the court.

The court below discharged the rule to open judgment. Defendants appealed.

*Error assigned* was discharging rule to open judgment.

*C. W. Dawson* of *Vosburg & Dawson*, with him *George D. Taylor*, for appellants.

· *E. C. Newcomb*, for appellee.

OPINION BY SMITH J., February 19, 1898:

The controversy in this case, like that in No. 30, January term, 1898, is, substantially, between the same parties, and of the same general character. Although William Koch appears here as a codefendant with Erwin Biesecker the appellant, they are the contending parties. The cases were, therefore, argued together in this court by the same counsel. As in the former case, Biesecker here seeks to avoid liability on a judgment which he signed as surety for his mother. In the first case Koch was plaintiff, in the present he is cosurety, and he seeks to hold Biescker for a similar liability. The controversy by which it was sought to have this judgment opened relates also to the circumstances under which the note was signed by Biesecker.

The error in the appellants' argument lies in the proposition that a defendant has an absolute right to have a judgment against him opened if it appears on his own showing that he has a legal or equitable defense, without regard to the proofs of the plaintiff. In these proceedings it can hardly be said that the defendant has any absolute right to have the judgment opened. It is his duty to satisfy the conscience of the judge to whom the application is made, and who sits as a chancellor, that on the whole case, not on his ex parte presentation, the judgment should be opened. Here the principal points relied upon by the appellant are supported by his own testimony, and measurably by that of his mother, and are contradicted on all material points by the testimony of the plaintiff. The learned judge of the court below could not shut his eyes to the testimony on behalf of the plaintiff, and the state of the record. It was his duty to consider the whole case and exercise judicial discretion in passing on the main question. This he seems to have done, and our inquiry is directed to the manner in which that discretion was exercised. What we have said on this question in the preceding case applies equally here; there is no occasion to repeat it in this appeal. We are satisfied upon a review of the whole case that the learned judge lawfully exercised the discretion vested in him, and therefore this judgment is affirmed.